FILED
APR 23 2018
CLERK
United States Bankruptcy Court
San Jose, California

Jason Barnes
2706 Benton Street
Santa Clara, CA 95051
Phone 408 987 1041

Plaintiff In Pro Per Creditor

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JASON BARNES,<br><br>　　　　　Creditor,<br><br>V.<br><br>JAMIE MACIAS;<br><br>　　　　　Chapter 7<br>　　　　　Debtor. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CASE NO. 5:17-bk-52896<br><br>**CREDITOR JASON BARNES' NOTICE OF OBJECTION AND OBJECTION TO BANKRUPTCY DISCHARGE OF DEBT; NOTICE OF MOTION AND MOTION TO DISMISS BANKRUPTCY PETITION; POINTS AND AUTHORTIES; JASON BARNES' DECLARATION**<br><br>11 U.S.C. § 706(B) & 11 U.S.C. § 707(B)<br>FRBP 4003 ET SEQ.<br><br>DATE: MAY 24, 2018<br>TIME: 10:30<br>DEPT: |

**TO THE PARTIES AND THEIR ATTORNEYS OF RECORD:**

　　On May 24, 2018, at 10:30am in Dept. ____ of the above captioned Court, Creditor Jason Barnes moves the court to dismiss Debtor's Chapter 7 Petition from Bankruptcy. This Motion will be based on *CREDITOR JASON BARNES' NOTICE OF OBJECTION AND OBJECTION TO BANKRUPTCY DISCHARGE OF DEBT; NOTICE OF MOTION AND MOTION TO DISMISS BANKRUPTCY PETITION* pursuant to FRBP Rules 4003, 4004 and 4007, and the fact that Debtor Macias: 1) pledged as security to me stock that she now seeks to exempt from her bankruptcy assets subject to distribution; 2) listed as her largest debt her debt to me (Mr. Barnes)

-1-
JASON BARNES' NOTICE OF MOTION AND MOTION TO DISMISS (5:17-BK-52896)

and that the debt to me is a non-consumer secured debt.

The Motion will be based on this Notice, the accompanying Points and Authorities, my accompanying Declaration and the Docket and pleadings filed thus far in this case.

The Motion will be based on this Notice, the accompanying Points and Authorities, my accompanying Declaration and the Docket and pleadings filed thus far in this case.

## POINTS AND AUTHORITIES

On motion of a party in interest, after hearing on notice, the court may dismiss a bankruptcy case filed by an individual debtor if the debts are primarily non-consumer debts and the Petition has been filed in bad faith. Alternative, a Chapter 7 Petition may be converted to a Chapter 13 or 11 case. (See, e.g. In re Quinn 490 B.R. 607 (N.D.Mexico 2012) (bad faith is a factor in considering whether there is just cause to dismiss a banktruptcy petition which is comprised mainly of non-consumer debt); In Re Gordon 465 B.R. 683 (N.D. GA 2012) & In re Hardigan 490 B.R. 437 (Banr.S.D.Ga 2013).)

In this case Debtor Macias has declared that $ 135,000.00 is owed to me. (See her Petition page 8 Item 4.22.) This amount makes up the greatest portion of her overall declared debt. She listed this debt as an unsecured claim, but as set forth in my Declaration it was secured by her Palo Alto Networks Stock. Moreover, she now seeks to exempt it from distribution to satisfy her debts. (See her Petition page 3 Item 18.)

Moreover, all evidence points to the facts that: 1) this is clearly a non-consumer debt; and b) listing the debt as a consumer debt was done in bad faith and there is just cause to dismiss the bankruptcy or the debt to me, or in the alternative to convert the Chapter 7 to some other form of banktruptcy.

The $ 135,000.00 debt is the result of loans made by me to further a for-profit business owned and operated by Ms. Macias and her then husband Mr. Nguyen. More specifically, the loans were made for the purpose of expanding an on-line business to a brick and mortar location.

Other problems with Debtor Macias' Petition abound. The $681 dollar 401K deduction shown in the petition filed by Ms. Macias is an elective deferral not a required deduction from her salary. Moreover, most if not all of the funds in the 401K were deposited during the period of time when Ms. Macias was representing through her attorney for over two years that she and her husband Anthony Nguyen wanted to repay the debt owed to Creditor Barnes.

The date that the IRA was opened is not shown by the debtor, however if it was opened after January 16, 2015, those funds should not be exempted either. As indicated above, the

-2-

evidence that there is just cause to dismiss and that Debtor Macias is acting in bad faith is overly abundant.

Date: 4/23/18                    Jason Barnes, Creditor  /s/ Jason Barnes

## JASON BARNES' DECLARATION

I, Jason Barnes, Declare as follows:

I am over the age of 18, a Creditor in the above-captioned action, and can and will testify truthfully in a Court of law based on personal knowledge to the facts as set forth below.

I am a listed Creditor in the above-captioned action.

Based on what I contend are false promises and representations, I loaned Debtor Macias and her husband $ 135,000.00 which has never been repaid.

In 2014, debtors Jamie Macias and Anthony Nguyen were planning on opening a business called California Croissant Bakehouse and Cafe using the proceeds from the sale of the plumbing business they operated and the 1100 shares of stock that were granted to Ms. Macias by employer Palo Alto Networks on 2/20/13. The problem was that the stock had a vesting period of four years, their solution was to look for funds from a private lender which is where their relationship with me as a creditor began.

Two cost accounts for the new business were sent to me by the debtors.

The first was sent on October 13, 2014 and the second on January 20, 2015.

Both accounts showed collateral assets that would be used to secure the debt incurred through the loans for the business.

Both accounts and the January 16, 2015 loan contract show that the Palo Alto Networks stock would be offered as collateral.

**October 13, 2014 cost accounting (Berkeley location) -**

-3-
JASON BARNES' NOTICE OF MOTION AND MOTION TO DISMISS (5:17-BK-52896)

## SUMMARY STATEMENT

| Sources of Capital | |
|---|---|
| Owners' and other investments | $ 100,000 |
| Bank loans | - |
| Other loans | - |
| **Total Source of Funds** | **$ 100,000** |

| Startup Expenses | |
|---|---|
| Buildings/real estate | $ 177,200 |
| Leasehold improvements | 70,500 |
| Capital equipment | 34,000 |
| Location/administration expenses | 135,700 |
| Opening inventory | 2,000 |
| Advertising/promotional expenses | 5,300 |
| Other expenses | - |
| Contingency fund | - |
| Working capital | 30,000 |
| **Total Startup Expenses** | **$ 404,700** |

## SECURITY AND COLLATERAL FOR LOAN PROPOSAL

| Collateral for Loans | Value |
|---|---|
| $7K/month Royalty - 12 months | $ 84,000 |
| Stocks-Palo Alto Networks/available in January | 45,000 |
| California Croissant commissary | 250,000 |
| Other collateral | - |

Owners
Anthony Nguyen
Jason Barnes

December Etrade account statement sent to creditor Barnes on January 13, 2015.



E*TRADE FINANCIAL
Trading · Investing · Banking

E*TRADE Securities
Investment Account

Account Number: XXXX-8360     Statement Period: December 1, 2014 - December 31, 2014     Account Type: INDIVIDUAL

### PORTFOLIO HOLDINGS
CASH & CASH EQUIVALENTS (0.00% of Holdings)

| DESCRIPTION | OPENING BALANCE | CLOSING BALANCE | PORTFOLIO (%) | AVG BALANCE |
|---|---|---|---|---|
| CASH BALANCE | 112.11 | -3,605.83 | 0.00 | |
| JPM LIQUID ASSET FD E*TRADE CL | 0.00 | 3,605.83 | 10.51 | |
| The shares of your money market sweep fund may be liquidated on your order and proceeds returned to your securities account or remitted to you. | | | | |
| TOTAL CASH & CASH EQUIVALENTS | $112.11 | $0.00 | 0.00% | |
| TOTAL CASH & CASH EQUIVALENTS YTD DIVIDENDS (SWEEP ONLY) | $0.02 | | | |

STOCKS, OPTIONS & EXCHANGE-TRADED FUNDS (100.00% of Holdings)

| DESCRIPTION | SYMBOL/ CUSIP | ACCT TYPE | QUANTITY | PRICE | TOTAL MKT VALUE | PORTFOLIO (%) | EST. ANNUAL INCOME | EST. ANNUAL YIELD (%) |
|---|---|---|---|---|---|---|---|---|
| PALO ALTO NETWORKS INC COM | PANW | SoPin | 280 | 122.5700 | 34,319.60 | 100.00 | | |
| TOTAL STOCKS, OPTIONS & ETF | | | | | $34,319.60 | 100.00% | | |
| TOTAL PRICED PORTFOLIO HOLDINGS (ON 12/31/14) | | | | | $34,319.60 | | | |

January 20, 2015 cost accounting (San Jose location)

-4-
JASON BARNES' NOTICE OF MOTION AND MOTION TO DISMISS (5:17-BK-52896)

**Startup Expenses**

| | |
|---|---:|
| Buildings/real estate | $ 63,000 |
| Leasehold improvements | 16,600 |
| Capital equipment | 35,800 |
| Location/administration expenses | 7,500 |
| Opening inventory | 4,500 |
| Advertising/promotional expenses | 6,100 |
| Other expenses | 11,500 |
| Contingency fund | |
| Working capital | 35,000 |
| **Total Startup Expenses** | **$ 180,000** |

SECURITY AND COLLATERAL FOR LOAN PROPOSAL

| Collateral for Loans | Value |
|---|---:|
| Equipment at California Croissant Inc warehouse | $125,000 |
| Stocks-Palo Alto Networks | $145,000 |
| Equipment at Bakehouse & Café | $35,800 |
| Plumbing Company Royalty $4,500/month for 20 years | $1,080,000 |

**Owners**
Anthony Nguyen

**Loan Guarantors (other than owners)**
Jamie Macias (wife)

\\\

\\\

\\\

\\\

\\\

\\\

\\\

\\\

January 16, 2015 loan contract clearly shows that the Palo Alto Networks stock would be used to secure the debt:

5. If the Borrower defaults in payment as required under this Agreement or after demand for ten (10) days, the Security will be immediately provided to the Lender and the Lender is granted all rights of repossession as a secured party.

### Additional Clauses

6. This is a temporary agreement for $75K at 4% interest for two months until the loan agreement is finalized and completed for the new terms could range from 6 years to 10 years at 4% to 10% with contingencies of requirements listed below has to be satisfactory between the two parties.

7. Please refer to Compensation Agreement.

8. Please refer to Employment & Severance Agreement.

9. Please refer to security and collateral list.

### Security

10. This Loan is secured by the following security (the "Security"): 1) The Palo Alto Networks (PANW) stocks from Jamie Macias will be secured as collateral. Stocks can not be sold below the value of this loan without notifying the lender (Jason Barnes).

11. The Borrower grants to the Lender a security interest in the Security until this Loan is paid in full. The Lender will be listed as a lender on the title of the Security whether or not the Lender elects to perfect the security interest in the Security.

### Governing Law

12. This Agreement will be construed in accordance with and governed by the laws of the State of California.

| Account | Value | | Exempt Value | Statute |
|---|---|---|---|---|
| Checking: Wells Fargo Acct # 8530 Line from Schedule A/B: 17.1 | $965.33 | ■ ☐ 100% of fair market value, up to any applicable statutory limit | $965.33 | C.C.P. § 703.140(b)(5) |
| Savings: Wells Fargo Acct # 5107 Line from Schedule A/B: 17.2 | $3,896.61 | ■ ☐ 100% of fair market value, up to any applicable statutory limit | $3,896.61 | C.C.P. § 703.140(b)(5) |
| Savings: MeriWest Credit Union Acct # 8177-01 Line from Schedule A/B: 17.3 | $544.36 | ■ ☐ 100% of fair market value, up to any applicable statutory limit | $544.36 | C.C.P. § 703.140(b)(5) |
| Palo Alto Networks Symbol: PANW Shares: 98 Price Per Share: 147.2000 Cash Value $14,425.60 Line from Schedule A/B: 18.1 | $14,425.60 | ■ ☐ 100% of fair market value, up to any applicable statutory limit | $14,425.60 | C.C.P. § 703.140(b)(5) |
| 401K: Fidelity Retirement Line from Schedule A/B: 21.1 | $49,651.55 | ■ ☐ 100% of fair market value, up to any applicable statutory limit | $49,651.55 | C.C.P. § 703.140(b)(10)(E) |
| IRA: Fidelity Line from Schedule A/B: 21.2 | $7,263.63 | ■ ☐ 100% of fair market value, up to any applicable statutory limit | $7,263.63 | C.C.P. § 703.140(b)(10)(E) |

As indicated above, Jamie Macias-Nguyen lists a 401K, IRA and company stock as exemptions in her bankruptcy petition.

The $681 dollar 401K deduction shown in the petition filed by Ms. Macias is an elective deferral not a required deduction from her salary and most if not all of the funds in the 401K were deposited during the period of time when Ms. Macias was representing through her attorney for over two years that she and her husband Anthony Nguyen wanted to repay the debt owed to creditor Jason Barnes.

The date that the IRA was opened is not shown by the debtor, however if it was opened after January 16, 2015, those funds should not be exempted either.

| Debtor 1 | Jamie Macias-Nguyen | | Case number (if known) | |
|---|---|---|---|---|
| | | | For Debtor 1 | For Debtor 2 or non-filing spouse |
| | Copy line 4 here | 4. | $ 9,865.00 | $ N/A |
| 5. | List all payroll deductions: | | | |
| 5a. | Tax, Medicare, and Social Security deductions | 5a. | $ 2,294.00 | $ N/A |
| 5b. | Mandatory contributions for retirement plans | 5b. | $ 0.00 | $ N/A |
| 5c. | Voluntary contributions for retirement plans | 5c. | $ 681.00 | $ N/A |
| 5d. | Required repayments of retirement fund loans | 5d. | $ 101.00 | $ N/A |
| 5e. | Insurance | 5e. | $ 907.00 | $ N/A |
| 5f. | Domestic support obligations | 5f. | $ 0.00 | $ N/A |
| 5g. | Union dues | 5g. | $ 0.00 | $ N/A |
| 5h. | Other deductions. Specify: | 5h.+ | $ 0.00 | + $ N/A |
| 6. | Add the payroll deductions. Add lines 5a+5b+5c+5d+5e+5f+5g+5h. | 6. | $ 3,983.00 | $ N/A |
| 7. | Calculate total monthly take-home pay. Subtract line 6 from line 4. | 7. | $ 5,882.00 | $ N/A |

I declare under penalty of perjury of the State of California and the United States that the foregoing and my statements in Exhibit A are true and correct, except as to matters stated upon information and belief and as to the latter I believe them to be true based on information I currently have.

Dated April 23, 2018, in Santa Clara, CA

Jason Barnes, Declarant